PUBLIC BUILDINGS — SEALED BIDS Pursuant to 70 O.S. 5-123 [70-5-123] (1971), where a board of education constructs or improves a building by the force account method, a contract for the purchase of materials exceeding One Thousand Dollars ($1,000.00) must be awarded to the lowest responsible bidder upon sealed bids. The Attorney General has considered your request for an opinion on the following question: "When a board of education is constructing a building, repairing a building or making any improvements by the 'force account' method, is such board required by law to secure sealed bids when purchasing building materials such as lumber, brick, cement and equipment, when such purchases exceed one thousand dollars ($1,000.00) or two thousand five hundred dollars ($2,500 00) as the case may be?" Your letter cites for consideration 70 O.S. 5-123 [70-5-123] (1971) which is a part of the Oklahoma School Code and which provides: "No expenditure involving an amount greater than Five Hundred Dollars ($500.00) shall be made by a board of education except in accordance with the provisions of a written contract, and no contract involving an expenditure of more than One Thousand Dollars ($1,000.00) for the purpose of erecting any public building or making any improvements shall be made except upon sealed proposals and to the lowest responsible bidder. Provided, this section shall not be construed to prohibit a school district from erecting a building or making improvements on a force account basis." You also cite the Public Competitive Bidding Act of 1974 as amended by HB 1251 of the 1975 Legislature (61 O.S. 101 [61-101] (1975), et seq.), which requires public agencies including school districts to utilize competitive bidding in the awarding of public construction contracts exceeding Twenty-five Hundred Dollars ($2,500.00) in amount. Similar to the above-quoted statute. 61 O.S. 126 [61-126] (1975) provides: "Nothing in this act shall be construed to prevent a public agency from doing public construction work on a force account basis." Your question was considered in light of the above quoted Section 70 O.S. 5-123 [70-5-123] in Opinions of the Attorney General dated May 6, 1950, April 21, 1955, and January 26, 1962, all of which concluded that where a board of education, in the course of constructing or improving a public building on a force account basis, makes a contract to purchase materials in excess of One Thousand Dollars ($1,000.00), the contract must be let to the lowest responsible bidder upon sealed proposals. The provisions of the Public Competitive Bidding Act of 1974 could arguably call for a different construction than that reached by the above opinions in view of a 1975 amendment to Section 102 of the Act excluding the "direct purchase of materials, equipment or supplies by a public agency" from the definition of the term "public improvement . " However, Section 133 of the Act provides: "If a statute, charter or general ordinance provides more stringent standards of procedures than those provided by this Act, then the statute, charter or general ordinance shall prevail." Section 70 O.S. 5-123 [70-5-123] having been construed as requiring competitive bidding in the circumstances about which you inquire, such requirement would prevail over a less stringent construction of the Public Competitive Bidding Act of 1974. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to 70 O.S. 5-123 [70-5-123] (1971), where a board of education constructs or improves a building by the force account method, a contract for the purchase of materials exceeding One Thousand Dollars ($1000.00) must be awarded to the lowest responsible bidder upon sealed bids. (Joe C. Lockhart)